RICHARD C. HANNIBAL *v.* BARBARA J. HANNIBAL

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 3633
AT STAMFORD

Memorandum filed February 9, 1962

*Warrack Wallace,* of Greenwich, for the plaintiff.

*Cummings & Lockwood,* of Greenwich, for the defendant.

RYAN, J. The plaintiff seeks a decree of annulment. Plaintiff and defendant were married in Connecticut on February 14, 1959. The plaintiff has

resided continuously in Connecticut for approximately two years prior to the bringing of the action. The defendant is a resident of the state of New York although she was served personally in Greenwich, Connecticut. It is the claim of the plaintiff that he was induced to enter into the marriage contract by the misrepresentations made by the defendant, which misrepresentations the plaintiff believed, that the defendant would be willing and eager, if they were married, to bear children; that the defendant insisted at all times after the marriage that contraceptives be used; and that she finally admitted, after the parties had lived together for a considerable period of time, that she did not intend at the time of the marriage to bear children or to perform her promise. Thereafter she refused to have children. The question before the court is whether on this evidence the plaintiff is entitled to an annulment. The plaintiff concedes that there is no case in Connecticut which holds that a fraudulent representation by a wife that she is willing to bear children is a sufficient cause to declare a marriage void. The plaintiff cites an interesting article wherein certain cases are collected and discussed. Note, "Wilful Refusal to Have or Bear Children as Grounds for Divorce or Annulment," 55 Yale L.J. 596.

The leading case in support of the plaintiff's position is the English case of *Cowen* v. *Cowen,* [1946] P. 36, which holds that a marriage is not consummated when the marital act is not completed. One of the elements in that case was coitus interruptus. It is noteworthy, however, that the later case of *Baxter* v. *Baxter,* [1948] A.C. 274, 4 A.L.R.2d 216, held that a wife's continuous and persistent refusal to have sexual intercourse with her husband unless he wore a contraceptive sheath did not entitle the husband to a decree of nullity on the ground of "wil-

ful refusal to consummate the marriage." The *Cowen* case was expressly overruled.

In New York there has been a tendency to be more liberal on annulments, probably because of the rigidity of the state's divorce statute. The plaintiff cites *Coppo* v. *Coppo,* 163 Misc. 249 (Sup. Ct. 1937), in support of his position. It is interesting to note that in an action brought to annul a marriage, the New York Civil Practice Act § 1143 provides as follows: "The declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced." The New York courts are not uniform in following the *Coppo* case. In *Hafner* v. *Hafner,* 66 N.Y.S.2d 442 (Sup. Ct. 1946), the court held that the plaintiff wife, who had lived with the defendant husband for six years, failed to establish her cause of action for annulment of marriage on ground of fraud in that the husband fraudulently represented to her at the time of marriage that he desired to and would have children but thereafter insisted upon the use of contraceptives to prevent conception. The language of the court (pp. 444, 445) is worth noting: "Before a judgment is granted in annulment actions proof should be sufficient to convince the court by a fair preponderance, when all of the evidence and circumstances are weighed, that a fraud was committed at or before the time of the marriage. . . . The stereotyped pattern of evidence now offered in these cases, practically all undefended, and the ease with which judgments are obtained, might indicate that the State is not fulfilling its duty to protect the marriage bond. The present popular procedure is as follows: The plaintiff testifies that the defendant promised to have children, a promise which is implied in a marriage contract unless mutually excluded by the parties. Then the plaintiff testifies

that the defendant insisted on using contraceptives, to which plaintiff objected or submitted to for days, weeks, months or years, after which the defendant said he or she never intended to have normal intercourse and he or she never wanted children. Corroboration is usually offered by a parent, brother, sister or other relative to prove the original promise was made, and that the defendant subsequently stated he or she never intended to keep the promise, which is simply a declaration or confession by one spouse. Usually, the testimony for the most part, consists of leading questions. The attorney testifies while the plaintiff says 'yes' or 'no.'" See also note, 4 A.L.R.2d 227.

The court in quoting this case has no reason or desire to reflect on the integrity of plaintiff's counsel in the instant case. It is, however, indicative of one state's experience when the door is thus opened to nullify a marriage. It is the opinion of the court that on the facts of this case a decree of annulment should be denied.

Judgment may enter accordingly.